UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

# 12 CV 04902

AUGUST TERM, 2011

(SUBMITTED: APRIL 30, 2012                                     DECIDED MAY 24, 2012

DOCKET NO. 11-2729-CV ADDENDUM

-----------------------------------------------------------------------------

LESLIE MARIA MEILLEUR,

PLAINTIFF-APPELLANT,



V.

DOUGLAS STRONG, DETECTIVE, and AN UNIDENTIFIED POLICE OFFICER

DEFENDANTS- APPELLEES

-----------------------------------------------------------------------------

Before: CALABRESI, RAGGI, and CHIN, Circuit Judges.

The plaintiff seek pursuant to rule F.R.A.P 40, a petition for rehearing

In the present case action the plaintiff went to the court and applied for an Order to extent the time for Service and the court clerk ,Michelle Johnson tore this request up "stating that the plaintiff could not file a Motion for Reconsideration and a request for an extension for time at the same time "and directed the plaintiff to the Marshall office on December 2, 2010 the court clerk went to the Marshalls office with the plaintiff and spoke directly with the Marshalls service for a special favor in processing the request for Service at 500 Pearl St. The plaintiff requested from the Court Clerk, Michelle Johnson, that the Court perfect the Marshalls Service to serve the defendant at this request the Court Clerk, Michelle Johnson said" this was not necessary and that she would accompany the plaintiff to the Marshall's office and bestow a special favor to have the defendant served . The reason that the Request for an Extension for Time and the Court order service by the Marshall service in not before the court is because the court clerk, Michelle Johnson, tore these papers up right in front of the plaintiff and went to the Marshalls service to speak with them for a special favor in serving the defendant. The plaintiff followed

the advice of the Court Clerk who was directing the Pro-Se plaintiff as to what was to be filed in order to seek the help of the court in serving the defendants, and she was wrong in her judgment why should the plaintiff suffer because she followed the direction of the court clerk, Michelle Johnson. In seeking an extension of time of the December 30, 2010, deadline and the court clerk tore these papers up and refused to file them. This information is not before the Court as of the requested by the court, because of the actions of the court appointed clerk who assisted in the filing of all papers, Miss Michelle Johnson.

In the present case action the plaintiff has no criminal record and did not commit the crime of burglary and has received a letter from the District Attorney office stating that she has committed no crime with this evidence why should she not have a day in court with the very person that has accused her of committing a crime this is the basic right of every American Citizen and protected by the Constitution of the United Stated of America.

In citing Johnson v. Univ. of Rodchester Med. 642 F3d 121.125 (2nd Cir. 2011)(quoting Fed.R.Civ.P. 60(b)(1)). The plaintiff raised and put papers to the court showing the delay in the Marshalls service to serve the respondent and this information was tore up by the court clerk, Michelle Johnson, who neglected to inform the court of her actions in the Appeal the plaintiff tells the court of the actions of the court clerk and how this false information affected her case action by having the case dismissed as she only followed the advice of the court clerk, Michelle Johnson. The plaintiff did file a motion for Reconsideration with the court, within the allotted time period and was told that she could not file an order for an extension for time at the same time from the court clerk, Michelle Johnson, who is a court clerk at 500 Pearl St. she is not a lawyer and has made a mistake in judgment in this case at law the plaintiff only followed the advice of the Court clerk. This is an inadvertence, mistake in judgment ,and communicated with the court clerk in compliance with her advice as to Federal Rule Civil Procedure Rule 60(b).

The present case action the plaintiff is charged with criminal trespass in the action of a burglary in the building that she lives in for thirty years and has testified against the burglar who invited her into the apartment during the commission of a burglary committed on his girlfriend while they were living together. The plaintiff had no way of knowing that a burglary was being committed in this action. Floyd v. the City of New York 813 F.Supp2d 417 (S.D.N.Y. 2011). The plaintiff has the right to confront the person that has accused her of committing a crime in a court of law this basic right is protected by the constitution of the United States of America.

*Leslie Maria Meilleur*       June 15, 2012

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

AUGUST TERM, 2011

(SUBMITTED: APRIL 30, 2012                                    DECIDED M AY 24, 2012

DOCKET NO. 10-CV-5731 COMPLAINT

---

LESLIE MARIA MEILLEUR,

PLAINTIFF-APPELLANT,

V.

DOUGLAS STRONG, DETECTIVE, and AN UNIDENTIFIED POLICE OFFICER

DEFENDANTS- APPELLEES

---

Before: CALABRESI, RAGGI, and CHIN, Circuit Judges.

The plaintiff seeks pursuant to rule F.R.A.P. 4, COMPLAINT: DC Judge: Gardephe and Court clerk: Michelle Johnson complaint form, Request for an extension of time, Motion for reconsideration Petition for rehearing pursuant to rule F.R.A.P. 40.

|   |   |   |
|---|---|---|
| 1. | Name of Complainant | Leslie Maria Meilleur |
|    | Contact Address | 421 West 162nd St. apt. J |
|    |   | Manhattan, NY 10032 |
|    | Daytime telephone | 347) 313-6388 |
| 2. | Name of Judge: | Paul Gardephe |
|    | Court: | United States District Court |
|    |   | Southern District of New York |
|    | Name of Clerk | Michelle Johnson |

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

Court:       United States District Court

Southern District of New York

3.  Does this complaint concern the behavior of the judge(s) in a particular lawsuit or lawsuits?

( x ) yes       (   ) NO

If "yes; "give the following information about each lawsuit

Court:    UNITED STATES DISTRICT COURT SOUTHERN DISTRICT OF NEW YORK

Case Number:    10-cv-5371

Docket Number of any appeal to the 2nd Circuit: 11-2729-CV

Are (were) you a party or lawyer in the Lawsuit?

( x ) Party            (   ) Lawyer            (   ) Neither

If you are (were) a party and have (had) a lawyer, give the lawyers name, address, and telephone number:

---------------------------------------------------------------------------------------------------------------------
---------------------------------------------------------------------------------------------------------------------
---------------------------------------------------------------------------------------------------------------------

4.  Have you filed any lawsuits against the judge?

(   ) yes            ( x ) no

If "yes, give the following information about each lawsuit:

Court:

Case Number:

Present status of lawsuit:

Name, address and telephone number of your lawyer for the lawsuit against the judge:

---------------------------------------------------------------------------------------------------------------------
---------------------------------------------------------------------------------------------------------------------
---------------------------------------------------------------------------------------------------------------------

Court to which any appeal has been taken in the lawsuit against the judge:

---------------------------------------------------------------------------------------------------------------------

Docket Number of the appeal: ----------------------------------------------------------------------------------

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

Present status of the appeal: ----------------------------------------------------------------------------------

5. Brief statement of Facts:

COMPLAINT OF MISCONDUCT;

In a determination of excusable neglect, all relevant circumstances surrounding the party's omission. of the Extension of Time against the December 30 deadline, the request for the Court Order to administer to the serving of the defendants, certain facts when done by the court clerk ,Michelle Johnson, who tore up the request for these documents , on December 2, 2010, prevented these documents to be placed before the court the factors to be considered are and include the danger of prejudice, the length of delay and its potential impact on judicial proceedings, the reason for the delay, and whether the plaintiff acted in good faith. In the present case action the delay in serving the summons and complaint on the defendants was caused by the Marshall's service and when the plaintiff went to file a Court order to have the complaint and Summons served by court appointment the clerk of the court Michelle Johnson said that she would personally handle the service and went to the Marshall's office to obtain a personal service instead of filing the papers as requested by the plaintiff. When the plaintiff was following the direction of the Court Clerk whose determination was wrong and then judge: Gardephe request the very paper work that the clerk refuses to file.

In the present case action Judge Gardephe request information on why the plaintiff used the Marshall's service at 66 John St.  between September 9, 2010,- November 24,2010, stating that the plaintiff had not perfected service on the defendants within thirty days the case would be dismissed when the plaintiff requested for an additional extension of time Judge Gardephe denied  the request stating that she had thirty days to serve the defendants, the plaintiff acted in good faith by placing before the court two documents  showing that the Marshall's Service was attempting to Serve the Summons and Complaint on the defendants and along with a letter from the defendants Lawyer stating that he had received a copy of the summons and complaint  and the plaintiff was in receipt of a certified copy that the defendants lawyer had indeed signed that he had received a copy of the summons and complaint. Is this not perfection of the Summons and Complaint when it was served on the Defendants Lawyer Joseph A. Marutollo Assistant Corporation Counsel (212) 788-1300, while the plaintiff awaited an answer from the Marshal's Office at 66 John ST. The Plaintiff then went to 500 Pearl St. for a Court Appointed Service of the Summons and Complaint and the court clerk, Michelle Johnson, who is the secretary for Judge Gardephe refused to file the requested documents for court appointed service of the summons and complaint as requested by the Pro Se plaintiff, causing the case to be dismissed. By causing a conflict of interest, a mistake in judgment or excusable neglect she is not a lawyer and (507 U.S. 380 (1983). A PRO-SE plaintiff should not suffer at the judgment of a court clerk RULE 60 (B)(1).

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

COMPLAINT OF DISABILITY,

In the determination of disability by Michelle Johnson, In citing Johnson v. Univ. of Rodchester Med. 642 F3d 121.125 (2nd Cir. 2011)(quoting Fed.R.Civ.P. 60(b)(1)). The plaintiff raised and put papers to the court showing the delay in the Marshalls service to serve the respondent and this information was tore up by the court clerk, Michelle Johnson, who neglected to inform the court of her actions in the Appeal the plaintiff tells the court of the actions of the court clerk and how this false information affected her case action by having the case dismissed as she only followed the advice of the court clerk, Michelle Johnson. The plaintiff did file a motion for Reconsideration with the court, within the allotted time period and was told that she could not file an order for an extension for time at the same time from the court clerk, Michelle Johnson, who is a court clerk at 500 Pearl St. she is not a lawyer and has made a mistake in judgment in this case at law the plaintiff only followed the advice of the Court clerk. This is an inadvertence, mistake in judgment, and communicated with the court clerk in compliance with her advice as to Federal Rule Civil Procedure Rule 60(b) (507 U.S. 380,393(1993).

6.  Declaration and Signature:

I declare under the penalty of perjury that the statements made in this complaint are true and correct to the best of my knowledge.

(Signature) _Leslie Maria Meilleur_   (Date) June 15, 2012

421 W. 162 st #5
NY NY 10032