UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
------------------------------------------------------------X

LESLIE MARIA MEILLEUR,

            Plaintiff,

    -against-

DOUGLAS STRONG, DETECTIVE;
AN UNIDENTIFIED POLICE
OFFICER,
          Defendants.

------------------------------------------------------------X

**ORDER TO AMEND**

12 Civ. 4902 (PGG)

PAUL G. GARDEPHE, United States District Judge:

Plaintiff, appearing *pro se*, brings this action under 42 U.S.C. § 1983. The Court directs Plaintiff to submit an Amended Complaint within sixty (60) days of the date of this Order as detailed below.

### STANDARD OF REVIEW

The Court has the authority to screen *sua sponte* an *in forma pauperis* complaint at any time and must dismiss the complaint, or portion thereof, that states a frivolous or malicious claim, fails to state a claim upon which relief may be granted, or seeks monetary relief from a defendant who is immune from such relief. 28 U.S.C. § 1915(e)(2)(B); see Livingston v. Adirondack Beverage Co., 141 F.3d 434, 437 (2d Cir. 1988). While the law authorizes dismissal on any of these grounds, district courts "remain obligated to construe a *pro se* complaint liberally." Harris v. Mills, 572 F.3d 66, 72 (2d Cir. 2009). Thus, *pro se* complaints should be read with "special solicitude" and should be interpreted to raise the "strongest [claims] that they suggest." Triestman v. Fed. Bureau of Prisons, 470 F.3d 471, 474-75 (2d Cir. 2006) (citations omitted).

### BACKGROUND

On June 4, 2010, Leslie Meilleur filed an action against Detective Douglas Strong and a John Doe officer for arresting her on March 15, 2009, allegedly without probable cause. See Meilleur v. Strong, No. 10 Civ. 5371 (PGG). Meilleur alleged that she was released from the

police station seven hours later with a desk appearance ticket for criminal trespassing and that charges against her were dismissed on April 20, 2009. Meilleur further alleged that she was unaware when she visited Benjamin Gordon in apartment 4H at 421 West 162nd Street in New York, New York, that he was trespassing in Dawn McCain's apartment and had been charged with assaulting McCain.

On January 10, 2011, Meilleur's complaint was dismissed, without prejudice to re-filing a new action, because of issues involving service of the summons and complaint. The Court of Appeals affirmed the order of dismissal. See Meilleur v. Strong, No. 11-2729-cv, 2012 WL 1871679 (2d Cir. 2012).

Meilleur filed this new action against Detective Strong and a John Doe officer on June 15, 2012. In the Complaint, she alleges that she had problems filing documents regarding service in the earlier action but fails to include allegations regarding Defendants Strong or John Doe officer.

## DISCUSSION

A.    Rule 8 of the Federal Rules of Civil Procedure

Rule 8(a)(2) of the Federal Rules of Civil Procedure requires "a short and plain statement of the claim showing that the pleader is entitled to relief," and Rule 8(d)(1) requires that each allegation be "simple, concise, and direct." Construing Rule 8, the United States Supreme Court has instructed that:

> a complaint must contain sufficient factual matter, accepted as true, to "state a claim to relief that is plausible on its face." A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged.

Ashcroft v. Iqbal, 556 U.S. 662, 678 (2009) (quoting Bell Atl. Corp. v. Twombly, 550 U.S. 544, 570 (2007)). "A pleading that offers labels and conclusion or a formulaic recitation of elements of a cause of action will not do." Id.

Meilleur's Complaint fails to satisfy Rule 8 because she names Detective Strong and a John Doe officer as Defendants but does not include any factual allegations regarding what these

2

Defendants did or failed to do.  Meilleur's prior Complaint asserted claims that Defendants Strong and Doe falsely arrested her and that the charges were ultimately dismissed.  See Meilleur v. Strong, No. 10 Civ. 5371 (PGG) (S.D.N.Y. June 4, 2010) (Dkt. 2).  Such allegations are absent from the Complaint filed in this case.  In light of the fact that Meilleur is proceeding *pro se*, Meilleur is granted leave to amend and is directed to allege what Defendants Strong and John Doe did that violated her rights.

B.     Probable Cause to Arrest

Any claim that Meilleur may be making in this action that she was arrested without probable cause must include allegations that the police officers lacked a reasonable basis for believing that there was probable cause to arrest her.  See Jocks v. Tavernier, 316 F.3d 128, 135 (2d Cir. 2003) (arrest is privileged if probable cause existed).

A claim for false arrest under § 1983 incorporates the elements of a false arrest claim under New York law.  See Boyd v. City of New York, 336 F.3d 72, 75 (2d Cir. 2003).  Under New York law, a plaintiff must show that "(1) the defendant intended to confine [the plaintiff], (2) the plaintiff was conscious of the confinement, (3) the plaintiff did not consent to the confinement and (4) the confinement was not otherwise privileged." Singer v. Fulton County Sheriff, 63 F.3d 110, 118 (2d Cir. 1995) (internal quotations and citations omitted).

The fact that a plaintiff was not convicted of the crime for which she was arrested, without more, does not mean that probable cause was lacking.  See Krause v. Bennett, 887 F.2d 362, 371 (2d Cir. 1989).  "Once a police officer has a reasonable basis for believing there is probable cause, he is not required to explore and eliminate every theoretically plausible claim of innocence before making an arrest." Curley v. Village of Suffern, 268 F.3d 65, 70 (2d Cir. 2001).  If Meilleur intends to include a claim for false arrest in her Amended Complaint, she must set forth facts demonstrating that the police officers had no reasonable basis for believing that there was probable cause to arrest her.

3

C.     Timeliness

The statute of limitations for actions brought pursuant to 42 U.S.C. § 1983 is three years.

See Paige v. Police Dep't. of Schenectady, 264 F.3d 197, 199 n.2 (2d Cir. 2001).  Any claim

Meilleur may be making that Defendants arrested her without probable cause on March 15,

2009, accrued on the date she was arraigned or otherwise detained pursuant to legal process. See

Wallace v. Kato, 549 U.S. 384, 388-90 (2007); Weir v. City of New York, No. 05 Civ. 9268,

2008 WL 3363129, at *10 (S.D.N.Y. Aug. 11, 2008) ("§ 1983 claim for false arrest accrued . . .

when he was given the desk appearance ticket and released from the stationhouse").  Her

Complaint therefore appears to have been barred by the three-year limitations period when it was

received on or about June 15, 2012.  If Meilleur believes that she is entitled to equitable or

statutory tolling of the limitations period, she must set forth supporting factual allegations in the

Amended Complaint.[1]

D.     John Doe Police Officer

Meilleur lists a John Doe Police Officer in the caption of the Complaint but fails to allege

what this defendant did or failed to do that violated her rights. In the Amended Complaint,

Meilleur must set forth factual allegations regarding what each named defendant allegedly did or

failed to do. Although a *pro se* litigant is entitled to assistance from the Court in identifying a

John Doe defendant, Meilleur has not provided sufficient information to allow the John Doe

defendant to be identified.[2]  Moreover, the naming of John Doe defendants does *not* toll the

---

[1] Although federal law determines when a § 1983 action accrues, state tolling rules apply unless they would "defeat the goals" of § 1983. Pearl v. City of Long Beach, 296 F.3d 76, 80 (2d Cir. 2002).  New York law provides for equitable tolling "when the plaintiff was induced by fraud, misrepresentations or deception to refrain from filing a timely action."  Abbas v. Dixon, 480 F.3d 636, 642 (2d Cir. 2007).  New York also provides by statute for other circumstances in which a limitations period may be tolled. See, e.g., N.Y. CPLR § 204(a) (where commencement of an action has been stayed by court order), id. at § 204 (where a dispute has been submitted to arbitration but is ultimately determined to be non-arbitrable), id. at § 207(3) (defendant is outside New York at the time the claim accrues), id. at § 208 (plaintiff is disabled by infancy or insanity), id. at § 210 (death of plaintiff or defendant).

[2] For example, a defendant may be identified as: "Correction Officer John Doe #1 on duty August 31, 2010, at Sullivan Correctional Facility, during the 7-3 p.m. shift."

4

three-year statute of limitations period governing this action, and the statute of limitations continues to run until a plaintiff ascertains the true identity of any "John Doe" defendants and amends the Complaint to include the identity of any "John Doe" defendants. To the greatest extent possible, Meilleur's Amended Complaint must:

(a) give the names and titles of all relevant persons;

(b) state what each defendant did or failed to do;

(c) give the approximate dates and times of each relevant event;

(d) give the location where each relevant event occurred;

(e) describe how each defendant's acts or omissions violated her rights and describe the injuries she suffered; and

(f) state what relief she seeks from the Court, such as money damages, injunctive relief, or declaratory relief.

## CONCLUSION

The Clerk of Court is directed to mail a copy of this Order to Plaintiff. Plaintiff is directed to file an Amended Complaint containing the information specified above. The Amended Complaint must be submitted to this Court's *Pro Se* Office within sixty (60) days of the date of this Order, be captioned as an "**AMENDED COMPLAINT**," and bear the same docket number as this Order. An Amended Civil Rights Complaint form, which Plaintiff should complete as specified above, is attached to this Order. No summons will issue at this time. If Plaintiff fails to comply within the time allowed, and cannot show good cause to excuse such failure, the Complaint will be dismissed for failure to state a claim on which relief can be granted.

5

The Court certifies, pursuant to 28 U.S.C. § 1915(a)(3), that any appeal from this Order would not be taken in good faith, and therefore *in forma pauperis* status is denied for the purpose of an appeal.  See Coppedge v. United States, 369 U.S. 438, 444-45 (1962).

SO ORDERED:

PAUL G. GARDEPHE
United States District Judge

Dated: July 25, 2012
New York, New York

6