UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

USDC SDNY
DOCUMENT
ELECTRONICALLY FILED
DOC #:
DATE FILED: 8/21/12

LESLIE MARIA MEILLEUR

*(In the space above enter the full name(s) of the plaintiff(s).)*

-against-

DOUGLAS STRONG DETECTIVE;
AN UNIDENTIFIED POLICE OFFICER.

AMENDED
**COMPLAINT**

12 CIV. 4902 PGG

Jury Trial: ☒ Yes   ☐ No
(check one)

*(In the space above enter the full name(s) of the defendant(s). If you cannot fit the names of all of the defendants in the space provided, please write "see attached" in the space above and attach an additional sheet of paper with the full list of names. The names listed in the above caption must be identical to those contained in Part I. Addresses should not be included here.)*

RECEIVED
AUG 21 2012
PRO SE OFFICE

**I.   Parties in this complaint:**

A.   List your name, address and telephone number. If you are presently in custody, include your identification number and the name and address of your current place of confinement. Do the same for any additional plaintiffs named. Attach additional sheets of paper as necessary.

Plaintiff    Name             LESLIE MARIA MEILLEUR
             Street Address   421 west 162 nd. street apt. j
             County, City     NEW YORK, NY
             State & Zip Code              10032
             Telephone Number  (347) 313- 6388

B.   List all defendants. You should state the full name of the defendant, even if that defendant is a government agency, an organization, a corporation, or an individual. Include the address where each defendant may be served. Make sure that the defendant(s) listed below are identical to those contained in the above caption. Attach additional sheets of paper as necessary.

Defendant No. 1    Name _____ DOUGLAS STRONG  DETECTIVE _____
                   Street Address ___ 2120-2207  AMSTERDAM AVE. _____
                   County, City _____ NEW YORK, NEW YORK _____
                   State & Zip Code _____ 10031 _____
                   Telephone Number _____ (212) 927-3200 _____

Defendant No. 2    Name _____ AN UNIDENTIFIED OFFICER _____
                   Street Address ___ 2120-2207 AMSTERDAM AVE. 33 rd. precint __
                   County, City _____ NEW YORK _____
                   State & Zip Code ___ NEW YORK, 10031 _____
                   Telephone Number ___ (212) 927-3200 _____

Defendant No. 3    Name _____
                   Street Address _____
                   County, City _____
                   State & Zip Code _____
                   Telephone Number _____

Defendant No. 4    Name _____
                   Street Address _____
                   County, City _____
                   State & Zip Code _____
                   Telephone Number _____

II.  **Basis for Jurisdiction:**

Federal courts are courts of limited jurisdiction. Only two types of cases can be heard in federal court: cases involving a federal question and cases involving diversity of citizenship of the parties. Under 28 U.S.C. § 1331, a case involving the United States Constitution or federal laws or treaties is a federal question case. Under 28 U.S.C. § 1332, a case in which a citizen of one state sues a citizen of another state and the amount in damages is more than $75,000 is a diversity of citizenship case.

A.  What is the basis for federal court jurisdiction? *(check all that apply)*

   ☒ Federal Questions          ☐ Diversity of Citizenship

B.  If the basis for jurisdiction is Federal Question, what federal Constitutional, statutory or treaty right is at issue? ___ 14 AMENDMENT ( illegal search)  4 AMENDMENT (illegal seasure) ___

   ___ 140.15 PENAL LAW CODE   CLASS DISTINCTION  CITIZENSHIP  (FIRST CLASS) ___

C.  If the basis for jurisdiction is Diversity of Citizenship, what is the state of citizenship of each party?

   Plaintiff(s) state(s) of citizenship _____
   Defendant(s) state(s) of citizenship _____

*Rev. 05/2010*

UNITED STATES DISTRICT COURT

SOUTHERN DISTRICT OF NEW YORK

-------------------------------------------------------X

| | |
|---|---|
| LESLIE MARIA MEILLEUR, | AMENDED COMPLAINT |
| Plaintiff, | 12 CIV. 4902 (PGG) |
| -against- | |
| DOUGLAS STRONG, DETECTIVE; | |
| AN UNIDENTIFIED POLICE OFFICER, | |
| Defendants. | |

-------------------------------------------------------X

PAUL G. GARDEPHE, United States District Judge:

     Plaintiff, appearing pro se, brings this action under 42 U.S.C. 1983. The Court directs Plaintiff to submit an Amended Complaint within sixty (60) days of the date of this order July 19, 2012.

Pursuant to 42 U.S.C. 1983 the plaintiff requests the help of the court in identifying the unidentified Police officer.

Pursuant to 42 U.S.C 1983 Timeliness, the plaintiff contends that the complaint was filed by her lawyer, Lawrence E. Jacobson, June 10, 2009. The plaintiff has a year and (90) days.

Although federal law determines when a 42 U.S.C. 1983 action accrues, state tolling rules apply unless they would "defeat the goals of 42 U.S.C. 1983" of 1983. Pearl v. City of Long Beach, 296 F.3d 76, 80 (2d Cir. 2002). New York law provides for equitable tolling "when the plaintiff was induced by fraud, misrepresentations or deception to refrain from filing a timely action. Abbas v. Dixon 480 F.3d 636, 642 (2d Cir.2007).

Pursuant to rule 4(M) that was amended in 2006 to show that pro-se litigants who can prove that the proper paper work was in the hands of the Federal Marshalls office, the proper defendants were identified, failure of the Marshalls office to serve in a timely fashion, and thru diligent effort of process the defendants cannot show that they were prejudiced in anyway. (See Kwan v. Schlein 441 F.Supp2d 491 (S.D.N.Y 2006)). Where a Police officer ran from prosecution for over three years to circumvent the law.

Pursuant to Federal Rules Civil of Civil Procedure 12(a)(2) or (3) you must serve an answer to a complaint or a motion under Rule 12 of the Federal Rules of Civil Procedure on the plaintiff; if you fail to respond, judgment by default will be entered against you for the relief demanded in the complaint you must also file your answer or motion with the court.

2

The Summons and Complaint was served on attorney, Michael A. Cardozo, and Joseph A. Marutollo of the Corporation Counsel defendant Douglas Strong, have both stated that "they could not serve Douglas Strong and have never met him". Attorney, Francis F. Caputo (212) 788-1055 writes the Court of Appeals stating that "Neither the defendant, Douglas Strong, nor the office has appeared in this matter, and request a strike so the office does not have to appear October 3,2011. Attorney Joseph A. Marutollo states "to this date this office has not received a request for legal assistance from Det. Strong. Accordingly, we make no representations herein as to the adequacy of process on him," May 23, 2011. All these attorneys have a copy of the Summons and Complaint and are representing Detective Douglas Strong, yet none of them served him with a copy. (See Kavazanjian v. Rice, 03-CV-1923, 2005 WL 1377946, *2, 2005 U.S. DIST. LEXIS 13653(E.D.N.Y. June 7,2005)(citing the "numerous courts that have held that a good cause under Rule 4(M) is automatically established when the Marshals office has failed to effect service so long as the plaintiff has provided the information necessary to identify the defendants accordingly, The plaintiff has demonstrated good cause for delay, and the court should not dismiss the complaint for improper service pursuant to Rule 4(M).

3

The defendants have not shown that they will be prejudiced by any means and had ample time to answer interrogatories and sufficient time to answer the Summons and Complaint, warranting a dismissal of the present action. (cf. Young v. Car Rental Claims, Inc. 255 F.Supp. 2d 1149, 1153 (D. Hawaii 2003)(service of complaint that was missing pages excused where defendant was served with amended complaint containing all pages and therefore suffered no prejudice).(See also KWAN V. SCHLEIN 441 F. SUPP. 2d 491 (S.D.N.Y. 2006)

When I know that I have filed the proper paper work, it is virtually impossible for two Marshall's Services, Deputy Sheriff, Raimundo Esquilian, Badge #393 (212) 487-5569, Detective Dunn, and Sergeant Garcia, four mail services, and lynell Jeffery (212) 669-4445 (2009) of the Comptroller's office cannot find a New York City Police Detective. Will you now go against your own rulings when it is obvious that Detective Douglas Strong is aware that a law suit is filed against him and is running from service an adverse action to Rule 4(M)?

4

Pursuant to the Fourth Amendment, warrantless arrests in a home are presumptively unreasonable; exigent circumstances must exist to justify a Detective Strong's warrantless entry into the plaintiff's apartment. The plaintiff must be read the Miranda rights; at home before arrest, before interrogating of the plaintiff, or when arrested and placed in the holding cell at the police station. Additionally during the course of the interview Detective Strong made promises to the plaintiff "that if the plaintiff talked he would try to keep her out of jail." That if she talked; "and I find Benjamin Gordon I will drop all the charges against the plaintiff", another unidentified officer," threatened to add additional charges to the plaintiff if the plaintiff did not stop crying;"while she was in the holding cell. The unidentified officer did not read the Miranda rights to the plaintiff therefore; the plaintiff never refused medical attention and was not aware that she had the right to seek medical attention because she was not advised of her rights to be taken to the hospital if necessary, nor was the plaintiff advised of her right to remain silent, or speak with a lawyer.

5

It is well settled that the government may not use any statements obtained from a defendant, whether exculpatory; or inculpatory, which were the product of custodial interrogation, unless prior to any questioning the defendant was advised of his constitutional rights and knowingly, intelligently and voluntarily waived such rights. Miranda vs. Arizona, 384 US. 436, 86 S.Ct. 1602, 16 L.Ed.2d 694 (1966). This means that the government bears the burden of proving by a preponderance of evidence both that a defendant was advised of his constitutional rights guaranteed under Miranda and that he knowingly, intelligently and voluntarily waived his rights, additionally that the defendant had a full awareness of the right being waived and the consequences of waiving that right.

To establish a valid waiver, the government must prove that the relinquishment of rights on a defendant's part was voluntary, and additionally that the defendant had a full awareness of the right being waived and the consequences of waiving that right.

(6)

Detective Douglass Strong violated the liberty of the plaintiff's; Fourteenth Amendment right; to be free from (illegal search and seizure of her person. At her apartment where the plaintiff was not read her Miranda rights and questioned and could not refuse to accompany the officer to the station house.)

Detective Douglass Strong violated by placing a false charge on plaintiff, Leslie Maria Meilleur, the charge of Criminal trespass in the second degree penal law 140.15 having the information that the plaintiff was invited into the premises by a person who lived in the apartment and went on to question the plaintiff as to how long she remained in the dwelling.

1. Detective Douglas Strong, had the testimony of the Superintendent of the building, Joseph Bryant, that the plaintiff was invited into the dwelling by a Benjamin Gordon who lived in the apartment. That the plaintiff also a resident of the building informed him that a burglary was being committed by Benjamin Gordon, who was in the apartment several minutes after she left. Detective Douglas Strong informed Joseph Bryant. That the plaintiff was going to have to testify before she was arrested on the charges. (See Boyd v. City of New York, 336 F.3d 72, 75, (2d Cir. 2003).

(7)

2. Detective Douglass Strong, had in his possession a video tape showing that the plaintiff was invited into the dwelling by Benjamin Gordon, who opened the door for the plaintiff and invited her in the dwelling. The video tape showed the time that Benjamin Gordon broke into the apartment and several hours later when the plaintiff arrived.
3. Detective Douglass Strong, had interviewed two officers who wrote in their reports that Dawn, the owner of the apartment told the plaintiff and told them that the plaintiff was invited into the dwelling by Benjamin Gordon, and his girlfriend Dawn, to return to the apartment  Detective Strong, had this information for two weeks and did not seek an arrest warrant.
4.  The plaintiff Leslie Meilleur; is also a resident of the building had conversation with the resident Benjamin Gordon, in his apartment for several hours unaware that the defendant had broken into the apartment, and informed the Superintendent Joseph Bryant, that Benjamin Gordon, was still in the apartment, and testified twice in Supreme Court on Benjamin Gordon which convicted him.

(8)

5. The Detective Douglass Strong intended to arrest the plaintiff when he entered the apartment of the plaintiff; his statement to the plaintiff "You know why we are here" the plaintiff was aware that she was unable to refuse to going to the station house with Detective Douglass Strong. Detective Douglas came to the plaintiff house with two other unidentified officers to arrest the plaintiff at her house. At the station house Detective Douglas Strong's, statement to the plaintiff "If I find Benjamin Gordon, I will drop charges against you." Detective Douglas Strong called the station house and had the plaintiff arrested anyway, by the unidentified officer. When Detective Douglas Strong already knew where Benjamin Gordon was at before he left the plaintiff's apartment.

The plaintiff contends that the charges arose out of an incident in which Benjamin Gordon, who lived in the apartment with his girlfriend; Dawn got into a fight one night before and was asked to leave. The next day, Benjamin Gordon, broke into his girlfriend's apartment. This information was unknown to the plaintiff when she knocked on the door the next day and was invited in by Benjamin Gordon, to retrieve a video tape and conversation about Aids for several hours, then left the premises minutes later and told the superintendent of the building that she had just visited the apartment and that Benjamin Gordon was still in the apartment when she left. The superintendent informed the plaintiff that Benjamin Gordon was not allowed in the apartment, that he; at the request of Dawn had changed all the locks on the door and then the police were called.

(9)

A person may be found guilty of burglary when he "knowingly enters or remains unlawfully" in a dwelling "with the intent to commit a crime therein" (Penal Law 140.25(2). A person "enters or remains unlawfully" in or upon a premises when he is not licensed or privileged to do so (Penal Law 140.00(5).

One is "licensed or privilege" to enter upon a premises when he has "obtained the consent of the owner or another whose relationship to the premises gives his authority to issue such consent."(People v. Graves 76 N.Y.2d 16, 20, 556 N.Y.S.2d 16, 555 N.E.2d 268; see also People v. Isidore, 185 AD.2d 622. People v. McCARGO, 641 N.Y.S.2d 322,586 N.Y.S.2d 43; Baker v. Parnossa Inc. 39 N.Y.2d 926, 386 N.Y.S.2d 576,352.

The defendant Benjamin Gordon had all the charges of burglary dropped against him because he lived in the apartment. Detective Strong knew this information for two weeks after speaking with the two officers; who interviewed the plaintiff. Detective Douglas Strong, knew that the charge of criminal trespass could not stand when he charged the plaintiff.

(10)

Malice is obtained when an officer goes beyond the official scope of his duties to make an arrest of a plaintiff who he knows is innocent yet makes and arrest to change the status of citizenship of the arrestee.

The right to be free from arrest without probable cause has long been established Martinez v. Simonetti, 202 F.3d 625, 634 (2 Cir. 2000) ("without a doubt, the right not to be arrested without probable cause is clearly established."). If police officers "restrain and individual in a manner that, though not technically and arrest, is nonetheless so intrusive as to be tantamount to an arrest," probable cause is also required, United States v. Marin 669 F.2d 73, 81 (2nd Cir. 1982). Probable cause to arrest exists when police officers have knowledge or reasonably trustworthy information of facts and circumstances that are sufficient to warrant a person of reasonable caution in the belief that the person to be arrested has committed or is committing a crime. "Walczyk, 496 F.3d at 156 (quoting Weyant v. Okst, 101 F.3d 845, 852, (2d Cir. 1966)). Police officers may not seek to verify or dispel their reasonable suspicions of crime "by means that approach the conditions of arrest" Royer, 460 U.S. at 499 (citing Dunaway v. New York, 442 U.S. 200, 211-12 (1979)).

(11)

At issue is whether the continued detention of the plaintiff once Detective Strong's investigation failed to uncover any illegal activity or any reasonable suspicion of illegal activity on the plaintiff. At the station house several hours had passed after the interrogation of the plaintiff and an arrest warrant had not been obtained, yet the Detective Strong knew where Benjamin Gordon was living and went to arrest him with an arrest warrant. He was running out of time and had held the plaintiff in a holding cell for seven hours and arrested her anyway, without probable cause or an arrest warrant.

It has long been established law that "an investigative detention must be temporary and last no longer than necessary to effectuate the purpose of the stop. Similarly, the investigative methods employed should be the least intrusive means reasonably available to verify or dispel the officer's suspicion in a short period of time."Florida v. Royer, 460 U.S. 491, 500 (1983) (plurality opinion); see also United States v. Tehrani, 49 F. 3d 54, 58, 61 (2d Cir. 1995) (scope and duration of investigative detention must be reasonable, both as to stop and inquiry Brown v. City of Oneonta, 221 F.3d 329, 340 (2d Cir 2000) (quoting United States v. Hopper, 935 F.2d 484, 491 (2d Cir. 1991)).

(12)

It should be noted at this point that Detective Strong could not obtain and arrest warrant on the plaintiff; unless she was in custody at the station house because no judge would issue a warrant where no probable cause existed and the plaintiff was at liberty in her home this is why Detective Strong's only witness to the crime was the plaintiff; her; testimony would link Benjamin Gordon to the crime scene where the video tape is not always admissible in court. This is why the Detective Douglas Strong had the plaintiff arrested and held to protect his material witness by her detention and arrest; she was not able to leave town, then he bargained with the plaintiff and the District Attorney in exchange for her testimony; to the crime of Benjamin Gordon. The plaintiff's testimony convicted the burglar at the cost of her first class citizenship, deprivation of liberty and false arrest.

The plaintiff did not consent to the confinement, and rejected the holding cell as psychological trauma and began to cry. When the unidentified officer saw the plaintiff crying he began to taunt and threaten the plaintiff "with additional charges if the plaintiff did not comply with his request to stop crying." The confinement was not a privilege but a punishment the unidentified officer never offered medical attention to seek a psychologist. The only threat to the plaintiff's liberty came from the officers in the present case action. The plaintiff has never been arrested and at the age of fifty years is going to start committing crime in the very building that she lives for thirty five years?

(13)

*Leslie M. Meilleur*   August 21, 2012

*Hilda Fernandez*
HILDA FERNANDEZ
NOTARY PUBLIC STATE OF NEW YORK
NEW YORK COUNTY
LIC. #01FE6172430
COMM. EXP. 08/13/2015

### III. Statement of Claim:

State as briefly as possible the <u>facts</u> of your case. Describe how each of the defendants named in the caption of this complaint is involved in this action, along with the dates and locations of all relevant events. You may wish to include further details such as the names of other persons involved in the events giving rise to your claims. Do not cite any cases or statutes. If you intend to allege a number of related claims, number and set forth each claim in a separate paragraph. Attach additional sheets of paper as necessary.

A. Where did the events giving rise to your claim(s) occur? _____
   At my home 421 WEST 162 rd. street NY, NY

B. What date and approximate time did the events giving rise to your claim(s) occur? _____
   MARCH 15, 2009     3:45 p.m.

C. Facts: _____

**What happened to you?**

**Who did what?**

**Was anyone else involved?**

**Who else saw what happened?**

### IV. Injuries:

If you sustained injuries related to the events alleged above, describe them and state what medical treatment, if any, you required and received. _____

I Have been in treatment for two years diagnosed with 309.0 adjustment disorder with depressed mood, anxiety symptoms
started treatment August 27, 2010 to present.

*Rev. 05/2010*

## V. Relief:

State what you want the Court to do for you and the amount of monetary compensation, if any, you are seeking, and the basis for such compensation.

I am seeking Two million dollars in damages; one million in compensative damages for the severe emotional trauma, one million punative damages by the actions of these officers I have been psychologicaly scared permantly. In addition I want the court to clear my record so I do not have to mention at a job interview that I ever suffered an arrest. I feel I deserve to be able to go back to a time when I could say that I have never been arrested.

I declare under penalty of perjury that the foregoing is true and correct.

Signed this 21 day of August, 2012

*Hilda Fernandez*
HILDA FERNANDEZ
NOTARY PUBLIC STATE OF NEW YORK
NEW YORK COUNTY
LIC. #01FE6172430
COMM. EXP. 08/13/2015

Signature of Plaintiff  *Leslie M. Meilleur*

Mailing Address  421 West 162 nd. street

MANHATTAN, NEW YORK 10032

Telephone Number  (347) 313-6388

Fax Number *(if you have one)*

Note: All plaintiffs named in the caption of the complaint must date and sign the complaint. Prisoners must also provide their inmate numbers, present place of confinement, and address.

### For Prisoners:

I declare under penalty of perjury that on this ____ day of _____, 20__, I am delivering this complaint to prison authorities to be mailed to the *Pro Se* Office of the United States District Court for the Southern District of New York.

Signature of Plaintiff: _____

Inmate Number _____

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

---

LESLIE MARIA MEILLEUR

*(In the space above enter the full name(s) of the plaintiff(s)/petitioner(s).)*

-against-

DOUGLAS STRONG DETECTIVE,

AN UNIDENTIFIED POLICE OFFICER

*(In the space above enter the full name(s) of the defendant(s)/respondent(s).)*

12 Civ. 4902  (PGG) (PGG)

**REQUEST TO PROCEED
IN FORMA PAUPERIS**

---

I, LESLIE MARIA MEILLEUR, *(print or type your name)* am the plaintiff/petitioner in the above entitled case and I hereby request to proceed *in forma pauperis* and without being required to prepay fees or costs or give security. I state that because of my poverty I am unable to pay the costs of said proceeding or to give security therefor, and that I believe I am entitled to redress.

1. If you are presently employed:
   a) give the name and address of your employer
   b) state the amount of your earnings per month

   _____

   _____

2. If you are NOT PRESENTLY EMPLOYED:
   a) state the date of start and termination of your last employment
   b) state your earnings per month
   **YOU MUST ANSWER THIS QUESTION EVEN IF YOU ARE INCARCERATED.**

   (1997-2001) start $ 26,000    end $ 30,645.16

3. Have you received, within the past twelve months, any money from any source? If so, name the source and the amount of money you received.

   food stamps $ 200 per. month, rent $ 215.00, cash $ 175.00 month

   a) Are you receiving any public benefits?   ☐ No.   ☒ Yes, $ 590.00 .

   b) Do you receive any income from any other source?   ☒ No.   ☐ Yes, $_____.

*Rev. 05/2007*                                          *1*

4. Do you have any money, including any money in a checking or savings account? If so, how much?

   ☒ No.   ☐ Yes, $_____.

5. Do you own any apartment, house, or building, stock, bonds, notes, automobiles or other property? If the answer is yes, describe the property and state its approximate value.

   ☒ No.   ☐ Yes, $_____.

6. Do you pay for rent or for a mortgage? If so, how much each month?

   ☐ No.   ☒ Yes, $ 215 monthly

7. List the person(s) that you pay money to support and the amount you pay each month.

   BMW PARKVIEW CORP

   BROOKLYN, NY 11210-0744

8. State any special financial circumstances which the Court should consider.

   I need car fair

I understand that the Court shall dismiss this case if I give a false answer to any questions in this declaration.

I declare under penalty of perjury that the foregoing is true and correct.

Signed this __21__ day of __August__, __2012__
           date          month         year

_Hilda Fernandez_
HILDA FERNANDEZ
NOTARY PUBLIC STATE OF NEW YORK
NEW YORK COUNTY
LIC. #01FE6172430
COMM. EXP. 08/13/2015

_Leslie M. Meilleur_
Signature

Rev. 05/2007                    2